IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Petitioner,

        v.                           CV 518-023

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

Petitioner is presently confined at the Federal Correctional Institution in Jesup, Georgia. Petitioner, proceeding *pro se*, initiated the present action with the filing of a petition – in which he purportedly seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 – in the United States District Court for the District of Columbia.[1] (Doc. 1.) Contemporaneously with the filing of his petition, Petitioner filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. 2.) Petitioner subsequently filed a motion to supplement his instant petition. (Doc. 4.) Mindful that "Petitioner's warden is the proper respondent to a habeas petition" and that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its

---

[1] Williams v. United States, Case No. 1:17-cv-2759 (D.D.C. filed Nov. 17, 2017).

territorial jurisdiction," the D.C. District Court transferred this action to this Court for resolution. (Doc. 5 (citations omitted).)

This Court has previously imposed filing restrictions on Petitioner due to his past abusive-filing practices. (See Williams v. Darden, Case No. 4:11-cv-213 (S.D. Ga. dismissed Jan. 31, 2012), Doc. 66, at 3-6.) These filing restrictions are applicable to the present action because Petitioner has sought leave to proceed IFP. (Id. at 4 ("As to any future civil actions sought to be commenced [IFP] by [Petitioner] . . . .").) And while these filing restrictions "do not apply . . . to any proper application for a writ of habeas corpus" (id. at 6), as explained below, the instant petition is not a "proper" application for a writ of habeas corpus.

Here, Petitioner has filed a petition challenging the sentence of imprisonment imposed upon him by this Court in the matter of United States v. Williams, Case No. 5:06-cr-14 (S.D. Ga. sentence imposed June 20, 2007). While nominally-styled as a petition under 28 U.S.C. § 2241, the instant petition is in fact a petition under 28 U.S.C. § 2255 because it collaterally attacks the validity of his federal sentence via claims that fall within the scope of Section 2255(a).[2] (See Doc. 1.)

---

[2] See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[I]t is uncontroversial that federal prisoners cannot avoid the procedural restrictions on § 2255 motions by changing the caption on their

2

Petitioner, however, has previously filed numerous Section 2255 petitions in this Court. (See, e.g., Williams v. United States, Case No. 5:08-cv-34 (S.D. Ga. dismissed Aug. 10, 2009); Williams v. United States, Case No. 5:09-cv-104 (S.D. Ga. dismissed May 28, 2010); Williams v. United States, 5:11-cv-19 (S.D. Ga. dismissed June 15, 2011); Williams v. United States, Case No. 5:11-cv-73 (S.D. Ga. dismissed Oct. 26, 2011); Williams v. United States, Case No. 5:11-cv-77 (S.D. Ga. dismissed Dec. 2, 2011); Williams v. United States, Case No. 5:12-cv-25 (S.D. Ga. dismissed June 20, 2012); Williams v. United States, *et al.*, Case No. 5:12-cv-40 (S.D. Ga. dismissed July 16, 2012); Williams v. United States, Case No. 5:12-cv-43 (S.D. Ga. dismissed July 16, 2012); Williams v. United States, Case No. 5:13-cv-17 (S.D. Ga. dismissed May 30, 2013). Petitioner's instant petition is a successive Section 2255 petition because it seeks to relitigate issues that this Court has previously-rejected on the merits or that Petitioner could have raised in his prior Section 2255 petitions. Accordingly, before filing his instant successive petition in this Court, Petitioner was obligated to move in the

---

petition to § 2241. A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence." (internal citations omitted)). Notably, this Court has previously advised Petitioner that he "cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241." (See, e.g., Williams v. Tamez, Case No. 5:11-cv-18 (S.D. Ga. dismissed May 27, 2011), Doc. 6, at 5; Williams v. United States, Case No. 5:11-cv-31 (S.D. Ga. dismissed June 15, 2011), Doc. 3, at 5; Williams v. United States, Case No. 5:11-cv-118 (S.D. Ga. dismissed Feb. 6, 2012), Doc. 5, at 5.)

3

United States Court of Appeals for the Eleventh Circuit for an order authorizing this Court to consider Petitioner's instant successive petition. See 28 U.S.C. § 2244(b)(3)(A). Because Petitioner failed to obtain this authorization, this Court is without jurisdiction to consider his instant petition. See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition." (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Upon the foregoing and due consideration, **IT IS THEREFORE ORDERED** that Petitioner's instant habeas corpus petition (doc. 1) is **DISMISSED** for lack of jurisdiction. The Clerk is directed to **TERMINATE** all motions and deadlines and **CLOSE** this case. Further, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court preemptively **DENIES** any forthcoming motion for the issuance of a certificate of appealability that Petitioner may file with regards to this matter. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 482-84 (2000). Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith and therefore the Court also preemptively **DENIES** any request by Petitioner for IFP status on appeal. See 28 U.S.C. § 1915(a)(3).

**ORDER ENTERED** at Augusta, Georgia this 21st day of March, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA